**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

MOHAMED S. LY,

                 **Plaintiff,**

           **v.**

JANET NAPOLITANO, Secretary of the
Department of Homeland Security, et al.,

                **Defendants.**

**Civil Action 09-297  (BJR)**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Mohamed S. Ly, proceeding *pro se*, brings this action against Janet Napolitano,

Secretary of the United States Department of Homeland Security; Michael Aytes, Acting Deputy

Director of the United States Citizenship and Immigration Services ("USCIS"); F. Gerard

Heinauer, Director of the Nebraska Service Center, USCIS; Eric H. Holder, Jr., Attorney

General; and Robert S. Mueller, III, Director of the Federal Bureau of Investigation (collectively,

"defendants") seeking mandamus and injunctive relief to compel defendants to "expeditiously"

adjudicate his application for an adjustment of his immigration status to become a lawful

permanent resident.  Compl. at 16.  The Court granted defendants' renewed motion to dismiss

[Dkt. # 26] because plaintiff had failed to oppose it in time and in compliance with the Court's

order.  The day before the Court's dismissal, Ly submitted a document entitled "Plaintiff's

Opposition to Defendant's Motion to Dismiss" [Dkt. # 27].  The Court granted Ly leave to file

his opposition brief after it had entered judgment in favor of the defendants.  It therefore

construes Ly's filing as a motion for reconsideration.  Upon consideration of Ly's motion and the record of this case, the Court concludes that it must be denied.

## I. BACKGROUND

Ly, a native and citizen of Mauritania, was legally residing in the United States pursuant to a grant of asylum at the time that he filed this lawsuit.  In his complaint, he asserts that defendants violated the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.*, the Mandamus and Venue Act, 28 U.S.C. § 1361, and the Declaratory Judgment Act, 28 U.S.C. § 2201, when they failed to process his application for legal permanent residency.  At the time Ly filed his complaint, his application had been pending for nearly five years.

Defendants first moved to dismiss Ly's complaint on May 27, 2009 [Dkt. # 12].  Ly timely opposed that motion.  Then, upon joint motion by the parties, the Court stayed the case pending anticipated progress in the processing of Ly's application.  Aug. 14, 2009 Order [Dkt. # 23].  On February 5, 2010, USCIS approved Ly's application.  Defs.' Renewed Mot. to Dismiss, Ex. 1 at ¶ 3.  On April 6, 2010, defendants filed a renewed motion to dismiss [Dkt. # 24].  On April 9, 2010, the Court ordered Ly to file an opposition to defendants' motion "on or before April 28, 2010" and informed Ly that if he failed to do so "the Court may enter judgment in favor of defendants."  April 28, 2010 Order at 1 [Dkt. # 25].  On May 25, 2010, the Court found that Ly had not filed an opposition to defendants' renewed motion to dismiss.  As a result, it deemed the motion conceded, pursuant to LCvR 7(b), and dismissed the complaint.  *See* May 25, 2010 Order at 1 [Dkt. # 26].

## II. ANALYSIS

In his motion for reconsideration, Ly does not dispute that his immigration status has been adjusted to legal permanent residency.  Instead, he argues that this case should not be dismissed because defendants have unlawfully backdated his adjustment of status by one year from the date of approval of his application.  Ly maintains that USCIS is required to backdate his approval to an earlier point in time — the date of receipt of his application — because the agency took almost five years in processing his application.  This adjustment is important to Ly because the earlier his legal permanent residence status begins, the sooner he will be eligible for naturalization.[1]  According to Ly, with only one year of backdating credit, he continues to suffer the effects of defendants' delay in adjudicating his adjustment application because he must wait longer to be eligible for citizenship.

To support his claim, Ly argues that the USCIS's backdating decision was arbitrary and that  "USCIS regularly backdates approvals to as [far] back as [the] I-485 [application] receipt date or one (1) [year] thereafter."  Pl.'s Opp. to Def.'s Mot. to Dismiss at 2.  The Court disagrees.  Indeed, as the defendants argue, Ly's assertions are incorrect as a matter of law.  Federal law entitles individuals such as Ly — that is, lawful permanent residents who adjusted their status from asylee — to have their date of admission for lawful permanent residence backdated by only one year from the date of approval of their application.  *See* 8 U.S.C. § 1159(b) (providing that the Secretary of Homeland Security or the Attorney General may "establish a record of the alien's admission for lawful permanent residence as of the date *one year* before the date" on

---

[1]    Under federal immigration law, applicants for naturalization must reside continuously in the United States for at least five years after being lawfully admitted for permanent residence, among other requirements.  8 U.S.C. § 1427(a).

which an asylee's application for lawful permanent residence was approved)(emphasis added);

*see also* 8 C.F.R. § 209.2(f) (providing that "[i]f the application [for adjustment of status] is

approved, the director shall record the alien's admission for lawful permanent residence as of the

date one year before the date of the approval of the application"); *Kaplan v. Chertoff*, 481 F.

Supp. 2d 370, 378 (E.D. Pa. 2007) (noting that "[t]he effective date for asylees . . . is backdated

to no more than one year before the grant of [legal permanent resident] status") (citing 8 C.F.R. §

209.2(f)); *Gutnik v. Gonzales*, 469 F.3d 683, 688 (7th Cir. 2006) ("lawful permanent residency

will only backdate one year from the date of approval of the application") (citing 8 U.S.C. §

1159(b)) (overruled on other grounds, *Arobelidze v. Holder*, 653 F.3d 513 (7th Cir. 2011).  Thus,

because the governing statute and regulations only authorize USCIS to backdate Ly's application

approval up to one year, USCIS cannot credit Ly additional time.  Ly is therefore not entitled to

the relief he now seeks.  Accordingly, dismissal of Ly's complaint remains appropriate, and the

Court must deny Ly's motion for reconsideration.[2]

---

[2]    Defendants argue in their renewed motion to dismiss that the Court is without subject matter jurisdiction to consider Ly's backdating claim because his complaint is moot. Article III of the Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies," and no justiciable "controversy" exists when the question sought to be adjudicated has been mooted by subsequent developments. *Massachusetts v. EPA*, 549 U.S. 497, 515 (2007).  Defendants have a strong argument that Ly's suit is moot in light of the February 5, 2010 approval of his application.  However, the Court declines to dismiss Ly's complaint on this basis because the backdate period was not evident to him until the day USCIS approved his application and applied the one-year credit.  While the most appropriate course of action for Ly would have to amend his complaint to include his new backdating claim, he instead raised the argument in his untimely opposition filing, which the Court now construes as a motion for reconsideration.  In light of the Court's obligation to construe *pro se* litigants arguments liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (reaffirming the principle that a plaintiff proceeding pro se may expect that his complaint, "however inartfully pleaded, [will] be held to less stringent standards than formal pleadings drafted by lawyers"), and the litigants' mutual interest in reaching finality on this matter, the Court opts in this case to address the merits of Ly's backdating claim.

### III. CONCLUSION

For the foregoing reasons, it is this 23rd day of December 2011, hereby

**ORDERED** that Ly's filing [Dkt. # 27], which the Court construes as a motion for reconsideration, is **DENIED**.

Barbara J. Rothstein
United States District Judge